# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD WRIGHT, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICREDIT FINANCIAL SERVICES, INC. dba ACF FINANCIAL SERVICES, INC.,<br><br>Defendant. | CASE NO. 10cv0922 DMS (BLM)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[Docket No. 16]** |

This case comes before the Court on Defendant's motion to dismiss. Plaintiff filed an opposition to the motion, and Defendant filed a reply. For the reasons discussed below, the Court grants the motion.

## I.
## BACKGROUND

This case is one of six class action cases against Americredit currently pending in the state and federal courts of California. In each case, Defendant repossessed the plaintiff's vehicle, and sent the plaintiff a statutory notice regarding the repossession. In each case, the plaintiff alleges the notice did not comply with the Rees Levering Automobile Sales Finance Act ("Rees-Levering").

/ / /

/ / /

In this case, Plaintiff Ronald Wright purchased a used 1999 Mercedes-Benz from a car dealership in Oceanside, California. (First Amended Complaint ("FAC") ¶ 6.) The dealership arranged financing for the purchase of the vehicle, and assigned the sales contract to Americredit. (*Id.*)

In January 2010, Americredit repossessed Plaintiff's vehicle. (FAC ¶ 7.) On January 26, 2010, Americredit sent Plaintiff a statutory notice about the repossession. (*Id.*, FAC, Ex. B.)

On April 29, 2010, Plaintiff filed the present case, and on August 6, 2010, Plaintiff filed the FAC. The FAC alleges claims for violation of Rees-Levering, violation of California's Unfair Competition Law ("UCL") and declaratory relief. The present motion followed.

## II.

## DISCUSSION

Defendant moves to dismiss the FAC in its entirety. It argues the statutory notice at issue in the case ("NOI") complies with Rees-Levering, and absent a violation of Rees-Levering, Plaintiff's other claims fail.

**A.   Standard of Review**

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

/ / /

**B.     Rees-Levering Act**

The Rees-Levering Act:

> provides a detailed framework that governs conditional sale contracts for motor vehicles. Under the Act, defaulting buyers whose cars have been repossessed by a creditor must be given the opportunity to redeem their vehicles by paying the full balance due under the contract. The Act also requires that defaulting buyers be given the opportunity, in many circumstances, to reinstate their contracts by curing the default and meeting certain other conditions set by the creditor.

*Juarez v. Arcadia Financial, Ltd.*, 152 Cal. App. 4th 889, 894 (2007). In addition,

> [t]he Act requires that creditors provide a defaulting buyer with a notice of intention (NOI) to dispose of the repossessed vehicle. To ensure that a defaulting buyer is made aware of his or her right to redeem or reinstate prior to the creditor disposing of the vehicle, the Act requires that creditors include in the NOI information about the buyer's right to redeem or reinstate.

*Id.* Compliance with the notice requirements is a prerequisite to the creditor's ability to collect any deficiency from the defaulting buyer. Cal. Civ. Code § 2983.2(a). This case involves four of the notice requirements.

    1.     Section 2983.2(a)(1)

The first requirement at issue is found in section 2983.2(a)(1). This section states the NOI must set forth that the defaulting buyers:

> have a right to redeem the motor vehicle by paying in full the indebtedness evidenced by the contract until the expiration of 15 days from the date of giving or mailing the notice and provide[ ] an itemization of the contract balance and of any delinquency, collection or repossession costs and fees and set[ ] forth the computation or estimate of the amount of any credit for unearned finance charges or canceled insurance as of the date of the notice.

Cal. Civ. Code § 2983.2(a)(1). Plaintiff alleges Defendant's NOI does not comply with this requirement because it does not set forth the amount due at the end of the 15-day redemption period. Defendant disagrees that its NOI fails to provide this information.

The NOI at issue in this case set forth two possible amounts that Plaintiff could have paid to redeem his vehicle: $7,095.82 or $7,245.82. (*See* FAC, Ex. B.) The NOI clearly states that Plaintiff would have to pay the larger amount if he wanted to redeem his vehicle more than six days after the date of the NOI. (*Id.*) Thus, the NOI does provide the amount due at the end of the 15-day redemption period, contrary to Plaintiff's allegation.

1 Nevertheless, Plaintiff appears to argue that the NOI does not set forth the exact amount due on the fifteenth day after mailing. He specifically complains about the uncertainty over any late charge and when the $150 transportation fee is incurred. However, there is nothing in the statute that requires the NOI to list the amount due on the fifteenth day after mailing. Furthermore, as indicated on Plaintiff's NOI, there is no late charge. With respect to the transportation fee, the NOI states that fee will be assessed six days after repossession when "the vehicle will be transported to an auction location to be prepared for sale[.]" (*Id.*)

Based on this Court's reading of the NOI, Plaintiff has failed to state a plausible claim for violation of section 2983.2(a)(1).

2. Section 2983.2(a)(2)

The next requirement at issue is found in section 2983.2(a)(2). This section requires that the NOI state "either that there is a conditional right to reinstate the contract until the expiration of 15 days from the date of giving or mailing the notice and all the conditions precedent thereto or that there is no right of reinstatement and provide[ ] a statement of reasons therefor." Cal. Civ. Code § 2983.2(a)(2). Plaintiff alleges Defendant's NOI does not set forth "all the conditions precedent" to reinstatement, in particular, the amount due at the time of reinstatement, therefore the NOI violates the statute. Defendant disagrees that its NOI does not set forth this information.

The NOI at issue here lists three amounts Plaintiff could have paid to reinstate his account: $969.70, $1,119.70 and $1,372.00. (FAC, Ex. B.) As with the redemption amounts, the first amount for reinstatement applied for the first six days after the date of the NOI. (*Id.*) If Plaintiff wished to reinstate his account on or after the seventh day, he should have paid the second amount, or $1,119.70. (*Id.*) The final amount applied only if Plaintiff requested an extension of the redemption period, and only if he wished to reinstate his account on the last day of the extension period. (*Id.*) Thus, Defendant's NOI does set forth the amounts due at specific times during the reinstatement period.

Plaintiff argues that the NOI is nevertheless deficient because the defaulting buyer may owe a late charge under certain circumstances that are not set out in the NOI. The NOI states that the late charge applies if the defaulting buyer does "not make a Payment to Come Due within the grace period ... See your contract for details." (*Id.*) Defendant explains that the contract referred to in the NOI is the

sales contract, which defines the grace period as the 10-day period following the payment due date. (*See* FAC, Ex. A.)  In Plaintiff's case the payment due date was the 25th day of the month, which also happened to be the expiration date for his extension period.  Therefore, Defendant asserts that Plaintiff's NOI, which reflected no late charges, complied with the statute.

Because the expiration date of Plaintiff's extension period and the due date for his monthly payments was the same,[1] Plaintiff's NOI set forth "all the conditions precedent" to reinstatement of his account.  Accordingly, Plaintiff has failed to state a plausible claim for violation of section 2983.2(a)(2).

### 3. Section 2983.2(a)(3)

The next section at issue in this case is section 2983.2(a)(3).  This section provides that the NOI must state:

> that, upon written request, the seller or holder shall extend for an additional 10 days the redemption period or, if entitled to the conditional right of reinstatement, both the redemption and reinstatement periods.  The seller or holder shall provide the proper form for applying for the extension with the substance of the form being limited to the extension request, spaces for the requesting party to sign and date the form, and instructions that it must be personally served or sent by certified or registered mail, return receipt requested, to a person or office and address designated by the seller or holder and received before the expiration of the initial redemption and reinstatement periods.

Cal. Civ. Code § 2983.2(a)(3).  Plaintiff alleges Defendant's NOI does not comply with this section because it fails to designate a person or office and address upon which the defaulting buyer can effect personal service.  Defendant disputes that the statute requires this information be included in the NOI.

By its plain terms, the statute requires that the form for requesting an extension of the redemption or reinstatement period include "instructions that it must be personally served or sent by certified or registered mail, return receipt requested, to a person or office and address designated by the seller or holder and received before the expiration of the initial redemption and reinstatement periods." *Id.*  Notably, the statute does not require that the form be sent to a person *and* an office and address. Rather, it provides for the option of personal service or service by certified or registered mail.  There is no requirement in the statute that both options be made available to the defaulting buyer.  Based on

---

[1] Absent this coincidence, there may be a question about whether the NOI would comply with the statute.  For example, if the purchase contract provided that payments were due on the 15th of the month, and the NOI failed to include any late charges in its itemization of amounts due, the NOI may not comply with the requirement that it set forth "all conditions precedent" to reinstatement.

this Court's interpretation of the statutory language, Plaintiff has not stated a plausible claim for violation of section 2983.2(a)(3).

### 4. Section 2983.2(a)(7)

The final section at issue in this case is section 2983.2(a)(7). This section provides that the NOI inform the defaulting buyer:

> that upon written request, the seller or holder will furnish a written accounting regarding the disposition of the motor vehicle as provided for in subdivision (b). The seller or holder shall advise them that this request must be personally served or sent first-class mail, postage prepaid, or certified mail, return receipt requested, to a person or office and address designated by the seller or holder.

Cal. Civ. Code § 2983.2(a)(7). In the FAC, Plaintiff alleged Defendant's NOI does not comply with this section because it fails to inform the defaulting buyer that the request for an accounting must be made within one year of disposition of the vehicle.[2] Defendant argues that this section does not require inclusion of this information in the NOI. Plaintiff did not address this argument in his opposition brief, and the Court finds the argument persuasive. Therefore, the Court grants Defendant's motion to dismiss Plaintiff's claim for violation of section 2983.2(a)(7).[3]

## III.

## CONCLUSION AND ORDER

For these reasons, the Court grants Defendants' motion to dismiss. Plaintiff requests leave to amend, but as to the NOI at issue here and the facts of Plaintiff's case, the Court finds any amendment would be futile. Accordingly, Plaintiff's FAC is dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: December 6, 2010

_____
HON. DANA M. SABRAW
United States District Judge

---

[2] Plaintiff also alleged that the NOI did not comply with section 2983.2(a)(7) because it did not allow for personal service. For the reasons discussed above, the Court rejects that argument.

[3] Plaintiff's two remaining claims for violation of the UCL and for declaratory relief are premised on his claims for violations of Rees-Levering. Because Plaintiff has failed to state a plausible claim for violation of Rees-Levering, the Court also grants the motion to dismiss Plaintiff's UCL and declaratory relief claims.